VAUDREUIL LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6908.   Promulgated September 29, 1927.

1. Compensation of president of petitioner corporation for the years 1919 and 1920 determined.

2. Loss on shares of stock of Northern Hotel Co. disallowed.

3. Loss on shares of stock of Prudential Tire & Rubber Co. which became worthless in 1920 allowed.

4. Correct rate of depreciation on farm buildings determined.

*Abbott L. Fletcher, Esq.,* for the petitioner.
*J. Harry Byrne, Esq.,* for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits tax for the years 1919, 1920, and 1921 in the respective amounts of $1,059.40, $2,138.17, and $306.71. The points in issue are (1) the amount of compensation paid to the president of the corporation allowable as a deduction from gross income; (2) the deductibility of alleged losses on shares of stock alleged to have become worthless in the years 1920 and 1921, respectively; (3) the correct amount of depreciation upon farm buildings for the purpose of computing profit derived upon the sale of a farm in 1920.

### FINDINGS OF FACT.

Petitioner is a Wisconsin corporation with its place of business at Chippewa Falls. Practically all of its stock was owned by L. J. Vaudreuil, the president of the corporation. One share was owned by Vaudreuil's wife and another by his son. For several years prior to 1919 the stockholders of the petitioner agreed that the only salary to be taken by Vaudreuil was living expenses for his family. Vaudreuil had a large family and for the years 1917, 1918, and 1919 he planned to live upon $3,500 per year and that was the only amount charged as his salary. Withdrawals in excess of that amount were charged on the petitioner's books of account as family expenses. For the year 1919 the additional amount withdrawn by Vaudreuil was $1,000, which was charged to expense as labor, and $1,575.26 was charged on the books for solicitation and travel. For the year 1920 the amount charged as Vaudreuil's salary was $5,000 and the amount charged up to solicitation and travel was $2,461.29. The $1,000 charged to expense—labor for 1919 and the $1,575.26 for solicitation and travel for 1919, and the $2,461.29 charged to the same account for 1920 were charged to profit and loss at the close of the year and claimed as deductions from gross income in the petitioner's income-tax returns. These were disallowed as deductions by the respondent upon the ground that they constituted personal expenses and not ordinary and necessary expenses.

The amounts paid to Vaudreuil were paid as compensation for services rendered and constituted only reasonable compensation for such services.

In 1920 a hotel company was organized in Chippewa Falls, which constructed a hotel at a cost of approximately $300,000. The petitioner subscribed for $2,000 of the stock and paid for it largely in sales of lumber. The stock was donated by the petitioner to the Benevolent Order of Elks during the year 1920. It had little or no market value

at the time that it was donated but was worth as much at that time as when acquired by the petitioner. In its income-tax return for 1920 the petitioner claimed a deduction from gross income of $2,000, the cost of the stock. The deduction was disallowed by the respondent in the computation of the deficiency.

In 1919 or 1920 the petitioner acquired stock of the Boone Tire & Rubber Co. at a cost of $1,000. The name was later changed to Prudential Tire & Rubber Co. and the petitioner exchanged his stock in the Boone Tire & Rubber Co. for a promise of an equal number of shares in the Prudential Tire & Rubber Co. The latter company was adjudged bankrupt in 1921 and a receiver was appointed in April. L. J. Vaudreuil determined that the stock was worthless in 1921. The receiver filed his accounting in 1922 which showed that the stock was clearly worthless. In his income-tax return for 1921 the petitioner claimed the deduction of $1,000 in respect of the worthless stock. This deduction was disallowed by the respondent in determining the deficiency.

In 1916 the petitioner acquired a farm. In 1916 and subsequent years it erected a number of buildings upon it, including a barn and a hog house. In its income-tax returns for 1916, 1917, 1918, and 1919 the petitioner deducted from gross income depreciation upon the farm buildings at the rate of 2 per cent per annum. The farm was sold in 1920 at a net price of $42,248.02. In computing the profit on the sale the respondent reduced the original cost of the farm and improvements by computing depreciation upon the farm buildings at the rate of 4 per cent for the years 1916, 1917, and 1918 but allowed the depreciation to remain at 2 per cent for the year 1919. The depreciation sustained was at the rate of 2 per centum per annum and the profit realized upon the sale of the farm property was $8,702.44.

## OPINION.

SMITH: 1. The first point raised by the petition is the correct amount of salary to be allowed the petitioner's president for the years 1919 and 1920. The corporation was a close corporation and the agreement had been made among the directors that only living expenses should be paid the president as salary. This was charged under two items, one as officer's salary and the other as expense. This segregation of the compensation thus paid was the act of the bookkeeper. The respondent has disallowed the deduction from gross income of the amount paid to the president in excess of that shown upon the books as his salary. We are satisfied from the evidence, however, that the entire amount was paid as compensation for the services of the president and that the amount was only reasonable

compensation for those services. The amounts deductible from gross income for the president's salary for the years 1919 and 1920 are $6,075.26 and $7,461.29, respectively.

2. The petitioner subscribed to stock of the Northern Hotel Co., Chippewa Falls, Wis., to the extent of $2,000 and paid for the same. The Northern Hotel Co. constructed a hotel at Chippewa Falls, Wisconsin, at a cost of approximately $300,000. During the year 1920 the petitioner donated its stock to the Benevolent Order of Elks. The evidence is to the effect that the stock had as great a value at the time that it was donated as at the time that it was acquired by the petitioner. It is the contention of the petitioner, however, that the stock had no value whatever at the time that it was donated and that since it had no value, petitioner is entitled to deduct from its gross income for 1920 the $2,000 paid for the stock. The evidence warrants the conclusion that the amount was not a loss of the corporation. Since the stock had as great a value when it was donated to the Benevolent Order of Elks as at the time it was acquired it sustained no deductible loss in respect of the transaction.

3. In 1919 or 1920 the petitioner acquired $1,000 capital stock of the Boone Tire & Rubber Co., which was later exchanged for a like amount of stock of the Prudential Tire & Rubber Co. This corporation went into the hands of a receiver in April, 1921. The petitioner was reliably informed during the year 1921 that the stock was worthless. The cost thereof was therefore a legal deduction from gross income.

4. The last point in issue is the correct rate of depreciation on farm buildings for the years 1916, 1917, 1918, and 1919. The books of account show that depreciation was charged at the rate of 2 per cent per annum and such amount was claimed as a deduction in the income-tax returns filed. The farm was sold in 1920. In computing the profit upon the sale of the farm the respondent computed depreciation for the years 1916, 1917, and 1918 at the rate of 4 per cent instead of at the rate of 2 per cent. The evidence is to the effect that the farm buildings were frame buildings on stone and cement foundations and that they had a useful life if kept in repair of at least 50 years; that many other farm buildings in the same locality had stood for a period of 40 to 50 years and that they were still in good condition. Upon the record we are of the opinion that depreciation was not sustained at a rate in excess of 2 per centum per annum. The profit realized upon the sale of the farm computed after the allowance of depreciation on farm buildings at the rate of 2 per centum per annum was $8,702.44.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON and LOVE.