688

UNION TRUST CO. OF NEW JERSEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14760.    Promulgated June 18, 1928.

*John M. Enright, Esq.*, and *James D. Carpenter, Jr., Esq.*, for the petitioner.

*Eugene Meacham, Esq.*, for the respondent.

OPINION.

PHILLIPS: The petitioner claims that it is entitled to deduct as a loss in 1920 the difference between the amount paid by it for 628 shares of the capital stock of the City Bank of Bayonne and the amount received from the sale of 314 shares of its own capital stock. At the hearing it appeared that a portion of these 314 shares was sold and the proceeds received in 1919 but inasmuch as the petitioner sustained a net loss in 1919 in excess of its income for 1918, it is

immaterial whether the loss now claimed, if any was sustained, is to be attributed to 1919 or 1920.

It appears that prior to 1915 the petitioner had purchased 628 shares of the capital stock of the City Bank of Bayonne. In February, 1915, it purchased the assets of that bank and assumed its liabilities. It paid for these assets 500 shares of its own capital stock. The City Bank of Bayonne had outstanding 1,000 shares of capital stock. On the liquidation of that bank each stockholder became entitled to receive one share of the stock of the petitioner for each two shares of capital stock held in the bank. The petitioner therefore became entitled to receive 314 shares of its own capital stock. It was unlawful, however, for the petitioner to own this stock. At that time its stock was selling for less than par and it did not wish to dispose of these 314 shares. It therefore caused these shares to be issued in the names of nominees. The stock, however, was endorsed in blank and delivered to the petitioner. It remained in the custody of the petitioner until sold.

The Commissioner refused to permit the deduction of any loss upon the sale upon the ground that this represented a sale by the petitioner of its own capital stock and that no taxable gain or loss results from the purchase or sale by a corporation of its own capital stock. The petitioner takes the position that the nominees who held the stock were trustees and that all the petitioner had at any time was the right to demand an accounting from such trustees. Such, however, is very evidently not the case. The petitioner was at all times the owner of 314 shares of its own capital stock, regardless of the subterfuges which it adopted to evade or comply with the terms of the law. The stock was in its own possession, under its own control, endorsed in blank, and the endorsee and nominal owner had no interest whatever. The only thing that was not done to complete the full legal ownership in the petitioner was a proper notation upon its own stock transfer books. We see no basis on which the petitioner can escape the conclusion that this stock was owned by it and that the sale was no more nor less than a sale by it of its own capital stock. The Board has previously held that no taxable gain or loss results when a corporation buys or sells its own capital stock. *Simmons & Hammond Manufacturing Co.*, 1 B. T. A. 803; *Farmers Deposit National Bank*, 5 B. T. A. 520; *Simmons Company*, 8 B. T. A. 631.

There is a further ground upon which the claim of the petitioner would have to be denied. That which the petitioner sold was 314 shares of its own capital stock. This stock was acquired in 1915 as a liquidating dividend from the City Bank of Bayonne. At that

time its value was less than the price realized on the sale. If any profit or loss is to be accounted for upon such a transaction as we have here, we are of the opinion that it would be confined to the difference between the value of the stock when received as a liquidating dividend from the City Bank of Bayonne and the sales price. The petitioner contends that this would not be so, on the ground that the transaction which took place in 1915 was a reorganization, merger or consolidation within the meaning of section 202(b) of the Revenue Act of 1918 which provides:

(b) When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; but when in connection with the reorganization, merger, or consolidation of a corporation a person receives in place of stock or securities owned by him new stock or securities of no greater aggregate par or face value, no gain or loss shall be deemed to occur from the exchange, and the new stock or securities received shall be treated as taking the place of the stock, securities, or property exchanged.

It is far from clear that this section is to be applied as relating to a transaction which took place in a year prior to the effective date of the Act. This question we leave for future decision, for even if we assume that it has such application, we are convinced that the transactions which took place in 1915 do not fall within its terms. That there was no merger or consolidation is perfectly clear and is emphasized by petitioner in its brief, where it points out that such a merger or consolidation was prohibited at that time by the laws of New Jersey. The evidence is clear that the transaction was a purchase of the assets of the City Bank of Bayonne and that the stock in question was received from the liquidation of that bank, and not because of any merger or consolidation. Nor were these 314 shares received as the result of a reorganization. The par value of the stock of the petitioner was reduced and the number of shares increased, but it was not as a result of this change in capitalization that petitioner received these 314 shares. It was out of the purchase of the assets of the City Bank of Bayonne and the liquidation of that corporation that these shares were received. Under no theory can it be said that these shares were received from a reorganization. It seems clear that the transaction which took place in 1915 was no such transaction as is contemplated by section 202 (b) of the Revenue Act of 1918 and that if a sale by a corporation of its own capital stock, gives rise to a taxable gain or deductible loss, petitioner realized a gain rather than sustaining a loss.

*Decision will be entered for the respondent.*