B. ESTES VAUGHAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 19601, 34193.   Promulgated September 27, 1929.

*R. A. Littleton, Esq.*, for the petitioner.
*Paul L. Peyton, Esq.*, and *J. C. Maddox, Esq.*, for the respondent.

OPINION.

PHILLIPS: The question for decision is whether petitioner sustained a loss in 1923 which he may deduct in computing his net income subject to tax. A substantial part of the facts appear in the previous report of this proceeding (15 B. T. A. 596). There is no question that the First National Bank of Lexington sustained a loss which it may deduct. Such a loss is not available to the individual stockholders. It may cause the value of their stock to fluctuate, but until the stock is sold or becomes worthless, a stockholder of a corporation sustains no loss which is deductible for tax purposes. Nor does the stockholder sustain any deductible loss when he is called upon to pay an assessment on his stock, even if such assessment be caused by losses of the corporation. *W. R. Ranney*, 16 B. T. A. 1399, and cases there cited. Such assessment is recognized as a part of the cost of such stock to be treated as any other cost. See *Henry Adamson*, 17 B. T. A. 17.

The petitioner does not claim as a deduction the amount of the assessment which was levied and paid upon his stock under the double liability imposed upon stockholders of national banks. The amount claimed was paid in by him alone, and no other stockholder participated. There appears to have been no legal obligation upon petitioner to make this payment, but the practical situation was compelling. Petitioner was president, director and a substantial stockholder in four banks. The defalcations had taken place while he was active manager of the bank. If the impaired capital had not been made whole on the date the defalcation was discovered, the bank would have been compelled to close its doors. The effect upon the reputation of the petitioner as a banker, upon the other banks of which he was president, and upon his investments in those banks, might have proven disastrous. It is urged that a payment under such circumstances is such a loss as is deductible. The Commissioner urges that it was made to protect the investment of petitioner;

that it must be treated as additional cost of that investment; and that until the stock is disposed of it can not be said that petitioner has sustained a loss. We believe this to be the better view. Petitioner might have taken his loss by permitting the bank to be liquidated. In that case he would have been permitted his deduction. He chose instead to put more funds into the venture, giving it new life. This new investment can scarcely be termed a loss as the term is used in the revenue act, despite the compelling circumstances under which the funds were paid over to the corporation. While these funds left the hands of petitioner, they went to enrich a corporation in which he was a substantial stockholder. Until the result of his investment in this stock is determined by a sale or liquidation of the corporation, it can not be known whether there will be gain or loss.

Reviewed by the Board.

*Decision will be entered for respondent.*