EDITH SCOVILLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

LOIS CHURCH WARNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GRACE SCOVILLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MARY F. McCHESNEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 24457–24459, 24461. Promulgated November 19, 1929.

*Courtland Kelsey, Esq.*, for the petitioners.
*Eugene Meacham, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The petitioners contend that when in 1922 they " surrendered " one-half of their preferred stock in the Salisbury Co. they thereby sustained a loss deductible under the Revenue Act of 1921. They do not specify the particular section or subsection of the statute upon which they rely for the deduction.

In the condition of the evidence it can not, in our opinion, be said that in 1922 a loss was sustained. It is entirely consistent with the evidence to infer that the petitioners, with all other stockholders, surrendered half their stock to the corporation. If so, and nothing further was done, the remaining stock absorbed the value inherent in the surrendered certificates and there was no more loss than there is a gain in a stock dividend. *Eisner* v. *Macomber*, 252 U. S. 189; *Towne* v. *McElligott*, 274 Fed. 960. Counsel suggests in brief that this would not be true as to preferred stock even if it were true as to common. But we know nothing of the terms of the stock or the corporation's capital structure, and hence we must take the omission as against petitioners, since the burden was upon them. That counsel was fully aware of this question and the inadequacy of the evidence to make the situation clear is indicated by his brief.

Petitioners also argue that the stock dividend rule may not be conversely applied, because the so-called surrender was made to an alleged syndicate and not to the corporation. The evidence fails to establish the identity of the transferee of the stock as other than the corporation, although the bookkeeping entries are ambiguous and further evidence by petitioners might have supported their view of this question of fact.

But, going further, there is lack of evidence as to the measure of the loss in 1922, if any, because of the possible inference, consistent with the evidence, that part or all of the loss may have occurred and been deductible at the time of the exchange in 1919. If the exchange of 1919 resulted in loss and such loss was to any extent deductible then, it could not be carried forward to 1922. Petitioners say that no loss was deductible in 1919 because the transaction in that year was within section 202(b), Revenue Act of 1918. There is but one fact tending to support this, and that is that the Salisbury Co. " was organized to take over the business " of the Barnum Co. This does not, in our opinion, go far enough to establish a situation within section 202 (b), any more than it would have done were the deduction in 1919 directly here in issue. We need not decide that a loss was

sustained in 1919, but only that such a possibility prevents a decision that the loss claimed occurred and was deductible in 1922.

All of these omissions in the evidence were matters of fact within the ability presumably of the petitioners to prove. The failure of proof requires that

*Judgment be entered for the respondent.*