GEORGE M. WRIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24851. Promulgated December 11, 1929.

*O. G. Maxwell, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

472

OPINION.

ARUNDELL: The only question to be determined in this proceeding is whether there was a closed transaction in 1922 with respect to 131 shares of stock in the American Hominy Co. which petitioner surrendered in that year to the bankers of the company, and which in turn the bankers paid over to a new company manager of their selection. If the stock had been merely surrendered to the company so that the proportionate representation of stockholders re-

mained the same, a different question would be presented (see *Edith Scoville*, 18 B. T. A. 261), but it is clear from the stipulated facts that such was not the case, the stock being released to the bankers and by them turned over to the new manager, who became the majority stockholder, and the petitioner definitely parted with 131 shares of stock which cost him $13,100, and which had a value of that amount on March 1, 1913. We are of opinion petitioner is entitled to the loss claimed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK, dissenting: I dissent from the prevailing opinion in this case. This Board has frequently held that a stockholder in a corporation who, for one reason or another, makes a contribution in cash to the corporation, is not entitled to deduct as a loss or otherwise, the amount of his contribution, but that amount is to be considered an additional cost of his stock. *Harry E. Lutz*, 2. B. T. A. 484; *John G. Paxton*, 7 B. T. A. 92; *W. R. Ranney*, 16 B. T. A. 1399; *Henry Adamson et al.*, 17 B. T. A. 17; *B. Estes Vaughan*, 17 B. T. A. 620. Cf. *Winthrop Ames*, 1. B. T. A. 63; *Warren E. Burns et al.*, 11 B. T. A. 524; *Lesh & Matthews Lumber Co.*, 17 B. T. A. 58. What difference then does it make if a stockholder contributes a part of his stock in the corporation to or for the benefit of the corporation? If he is not entitled to deduct the cash which he contributes, there would certainly be no greater reason to allow him to deduct any amount to represent the cost or value of his stock which he contributes. Whether he contributes cash or gives up part of his stock as here, his reason for so doing is to protect and make more valuable the stock which he continues to own. A relationship between the stock he gives up and that he continues to hold is thus established and he can have no loss on the one, when contributed, but must wait until he finally disposes of the other, for at that later time it may develop that he has a gain on the whole transaction. But even if he has a loss finally, nevertheless that loss can not be computed until such final disposition. Cf. *Edith Scoville*, 18 B. T. A. 261.

The present petitioner, along with other stockholders of the company, made his contribution with the understanding that it was to compensate a new manager for his future services to the company. The petitioner must have believed that the benefits which he thus secured were as valuable or more valuable than the stock which he gave up, otherwise, he would hardly have made the contribution.

In giving up his stock he did not realize a loss. On the contrary, he was trying to avoid a loss, and to make his investment in this company's stock more valuable. He should wait to see the result of his move to avoid loss and to realize a gain.

TRAMMELL agrees with this dissent.