CITY BUILDERS FINANCE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34492.    Promulgated December 18, 1930.

*Frank C. Olive, Esq.*, and *George S. Olive, C. P. A.*, for the petitioner.

*O. J. Tall, Esq.*, for the respondent.

OPINION.

Love: The facts in this case are not controverted. Of course, in solving this problem, we must solve it in the light of, and in harmony with, the income tax laws. The applicable statute is section 204 (a) of the Revenue Act of 1924, which is as follows:

The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property.

Petitioner, in May, 1923, purchased 32½ shares out of a total issue of 260 shares of the Palm Beach Estates, Inc., stock, at a cost of $25,000, that is, at a cost per share (not being exact as to cents) of $769 per share.

In October, 1924, petitioner acquired, by virtue of a stock dividend, 32½ additional shares, which brought its holdings up to 65 shares, at a cost of $25,000, or a cost per share of $384.50. Immediately thereafter, and as part of the plan which brought about that declaration of a stock dividend, acting in common with all other stockholders, petitioner surrendered 32½ shares of its 65 shares into the escrow deposit as set forth in our findings of fact.

As a result of those transactions, petitioner found itself with a one-sixteenth interest in the corporation, instead of a one-eighth interest originally purchased, with no compensation for the one-sixteenth interest (one-half of its stock) which it had parted with, with no additional capital (invested or otherwise) in the corporation, and no enrichment of either itself or the corporation whose stock it held. If any benefit inured to petitioner, it was that the

corporation was put in a more strategic position to win the lawsuit in which it was then involved, and if such suit were finally won, would avert the complete wreck of the corporation, and consequent total loss of petitioner's investment of $25,000.

We believe that the situation here is that petitioner, impelled by the untoward exigencies confronting it, surrendered 32½ shares of its stock, which had cost it $384.50 plus, per share (a total of $12,500) for which it received no direct compensation, and if any benefit of any kind inured to it, it was only the indirect benefit, as a stockholder, of having the corporation put in a more strategic position to win its lawsuit.

The case of *George M. Wright*, 18 B. T. A. 471, seems to be clearly applicable to the facts of this case, and authority for a decision, and we therefore hold that petitioner is entitled to a deduction from gross income for its calendar year 1925 of $12,500.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*

LANSDON dissents.

MURDOCK, dissenting: I dissent for the reasons set forth in my dissenting opinion in *George M. Wright*, 18 B. T. A. 471.