BED ROCK PETROLEUM COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54275.   Promulgated October 17, 1933.

*George M. Wolcott, Esq.,* for the petitioner.
*Bernard D. Daniels, Esq.,* for the respondent.

OPINION.

SMITH: This proceeding involves a deficiency in petitioner's income tax for the calendar year 1928 in the amount of $1,525.20. The only question at issue is whether the petitioner sustained a deductible loss upon the sale of a pro rata part of its holdings of the preferred stock of another corporation. The material facts have been stipulated substantially as follows:

The petitioner is a Delaware corporation, engaged in the production of natural gas and oil. During the period 1924 to 1927, the petitioner acquired for cash or its equivalent 1,767 shares of preferred stock of the Tri-State Refining Co., a domestic corporation. The

president of the petitioner and also of the Tri-State Refining Co., was one and the same individual, G. C. Davison, who was the majority stockholder of the outstanding stock of both corporations. As of December 31, 1927, there were issued and outstanding two classes of stock of the Tri-State Refining Co.; viz., second preferred and common. The second preferred stock had a par value of $100 per share. It entitled the owner to dividends at the rate of 8 percent per annum and no more before any dividends were payable to holders of the common stock. In the event of liquidation the holder of the preferred stock was entitled to receive par value of the stock plus accrued dividends thereon before any distribution was made to the holders of the common stock. Also, as of December 31, 1927, the balance sheet of the Tri-State Refining Co. showed an operating deficit of $50,737.53. The Tri-State Refining Co. in 1928 contemplated a new issue of perferred stock and, as a means of eliminating the operating deficit and making the proposed new issue of stock more attractive, it was agreed among the holders of the second preferred stock that they would turn in to the corporation, pro rata, a certain percentage of the stock then owned by them for a nominal amount of $1 per share to be paid by the corporation. The proposed agreement was executed on or about February 1, 1928. This transaction was recorded in the company's books by a debit to capital stock account and a credit to surplus account, the result of which was the elimination of the operating deficit and the creation of a credit in the surplus account. The stockholdings of the corporation before and after this transaction were as follows:

| | January 30, 1928, before sale of preferred stock | | February 10, 1928, after sale of preferred stock | |
|---|---|---|---|---|
| | Shares common | Shares preferred | Shares common | Shares preferred |
| Bed Rock Petroleum Co | 6,301 | 1,767 | 6,301 | 1,545 |
| C. P. Caulkins | 1 | 2 | 1 | 2 |
| G. C. Davison | 13,746 | 1,382 | 12,996 | 1,010 |
| F. R. Payne | | | 750 | 45 |
| Structure Oil Co | 2,220 | 190 | 2,220 | 139 |
| Treasury stock | 98 | 196 | 98 | 796 |
| Total | 22,366 | 3,537 | 22,366 | 3,537 |
| Less treasury stock | 98 | 196 | 98 | 796 |
| Total outstanding | 22,268 | 3,341 | 22,268 | · 2,741 |

Pursuant to the aforesaid agreement, the petitioner during 1928 surrendered it pro rata part, 222 shares of the second preferred stock, receiving from the corporation the amount of $222 in exchange therefor. The 222 shares had been acquired at a cost of $19,855.68. The proposed new issue of stock never took place. In the following

year, 1929, the corporation had a further operating loss and in 1930 liquidation proceedings were begun. In its return for 1928 the petitioner claimed the deduction of $21,978 representing an alleged loss on the sale of its preferred stock, measured by the difference between the par value of the stock, $22,200, and $222, the amount received from the corporation in exchange therefor. The petitioner now admits that the amount claimed as a loss in its return is erroneous and that the deductible loss, if any, on account of the surrender of the stock is $3,251.08, representing the difference between the cost of the surrendered preferred stock, $19,855.68, and $16,604.60, the increased book value of the remaining common stock owned by the petitioner after the surrender of the preferred stock. The petitioner sold practically all of its remaining shares of the second preferred stock of the corporation on or before December 31, 1930, and the loss resulting therefrom was claimed as a deduction in its return for that year and was allowed by the respondent.

In the first place, it is quite apparent that, as the respondent has determined, there was not an outright sale by the petitioner and others to the Tri-State Refining Co. of a portion of their holdings of the company's preferred stock. The preferred stock had a par value of $100 per share and was surrendered to the corporation for a nominal consideration of $1 per share. The transaction was, in effect, a surrender of the stock rather than a sale and the real consideration therefor was, as stated in the stipulation, the elimination of the operating deficit of the corporation for the purpose of making the proposed new issue of stock more attractive.

The Court of Appeals of the District of Columbia held, in *Kistler* v. *Burnet*, 58 Fed. (2d) 687; affirming 21 B.T.A. 433, that a stockholder of a corporation was not entitled to a deduction of a loss on account of the surrender of a pro rata part of his preferred stock to the corporation for the purpose of reducing the corporation's deficit. The court in that case said:

The Bureau of Internal Revenue has consistently held that the surrender by stockholders ratably of a portion of their stock to the corporation for the purpose of supporting its credit constitutes capital contributions which are to be considered as additional cost to the stockholders of the stock retained; and that in such cases gains or losses of the stockholder are to be ascertained upon the final disposition of such stock.

\*  \*  \*  \*  \*  \*  \*

The present case is similar in principle to cases wherein a stockholder, in order to benefit the financial condition of a corporation, without other consideration, either voluntarily or by assessment, pays additional cash into the corporation in proportion to his holdings. It has been uniformly held that such payments are capital contributions, that no deductible loss is thereby sustained by the stockholder, and that gain or loss therefrom is to be determined and accounted for when the stockholder's shares are finally sold or otherwise disposed of. *First Nat. Bank in Wichita* v. *Commissioner* (C.C.A.) 46 F.

(2d) 283; *Burns* v. *Commissioner* (C.C.A.) 31 F. (2d) 399; *Mastin* v. *Commissioner* (C.C.A.) 28 F. (2d) 748, 753.

\*    \*    \*    \*    \*    \*    \*

Accordingly, for income tax purposes, no deductible loss is recognized because of the surrender of part of appellant's stock, nor is any gain recognized because of the 1,000 shares of additional common stock issued to appellant as part of the transaction. Such gains or losses, however, are not to be overlooked, but are to be considered when appellant's retained shares shall be sold or otherwise disposed of, or become worthless in whole or in part.

See also *Charles M. Haft*, 20 B.T.A. 431; *Edith Scoville*, 18 B.T.A. 261. Cf. *Commissioner* v. *Wright*, 47 Fed. (2d) 871; reversing 18 B.T.A. 471, where the corporate stock was surrendered to an outside party rather than to the issuing corporation, resulting, as the court held, in a deductible loss. Cf. also *City Builders Finance Co.*, 21 B.T.A. 800.

There is no merit in the petitioner's argument that it did not own the preferred and common stock of the Tri-State Refining Co. in the same proportion and that the remaining stock which it held after the surrender of the preferred did not receive all or an equal proportion of the benefit to the corporation. The proportion in which the various classes of stock was owned by the petitioner is not material. The surrender of the stock for cancellation being a capital transaction, *Kistler* v. *Burnet, supra*, no adjustment for any gain or loss on account thereof can be made until the petitioner has disposed of the remaining stock.

*Judgment will be entered for the respondent.*