WALTER F. HAASS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54818.   Promulgated January 24, 1934.

*Harry Allen, Esq.,* and *Harry B. Sutter, Esq.,* for the petitioner. *Owen W. Swecker, Esq.,* for the respondent.

901

902

OPINION.

ADAMS: The petitioner contends that since his proportionate interest in the company was changed as a result of the consummation of the plan outlined, he has sustained " a loss equal to the cost to him of the two-thirds of his original stock given to new capital, plus the proportion of the cost of the one-twelfth of his original stock surrendered to the Company's treasurer which the stock issued for the new capital bore to the outstanding stock of the Company after the transaction, less the increment to the value of his retained stock by reason of the addition of the new capital." Stated differently and in terms of dollars and cents, petitioner says he is entitled to deduct $20,704.94 instead of $22,500 originally claimed on his return. He cites the decisions of *Wright* v. *Commissioner*, 47 Fed. (2d) 871; affirming and modifying the Board's decision in *George M. Wright*, 18 B.T.A. 471; *Commissioner* v. *Burdick*, 59 Fed. (2d) 395; affirming the Board's decision in *Helene Baldwin Burdick, Executrix*, 20 B.T.A. 742; and *City Builders Finance Co.*, 21 B.T.A. 800, as supporting his position.

The respondent contends that the transaction falls clearly within the terms of section 112 (b) (3) of the Revenue Act of 1928;[1] that the term " reorganization " includes a recapitalization, section 112 (i) (1);[2] that the agreement under which the reorganization and recapitalization was effected was entered into by all the stockholders and the corporation; that the stock was deposited with the trustees for the use of the corporation; that the corporation canceled the old stock and issued in lieu thereof new shares of class A and class B stock to the same stockholders; that these facts show a reorganization was accomplished; and that under section 112 (b) (3) no gain or loss was realized by petitioner upon the exchange of preferred and common stocks for class A and class B stocks. Respondent cites *Benjamin W. Fredericks*, 21 B.T.A. 433; *Charles M. Haft*, 20 B.T.A. 431; and *Edith Scoville*, 18 B.T.A. 261, and asserts that the decision in the

---

[1] SEC. 112. (b) *Exchanges solely in kind.—*

\*        \*        \*        \*        \*        \*        \*

(3) STOCK FOR STOCK IN REORGANIZATION.—No gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation or in another corporation a party to the reorganization.

[2] SEC. 112. (i) *Definition of reorganization.—*As used in this section and sections 113 and 115—

(1) The term " reorganization " means (A) a merger or consolidation (including the acquisition by one corporation of at least a majority of the voting stock and at least a majority of the total number of shares of all other classes of stock of another corporation, or substantially all the properties of another corporation), or (B) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its stockholders or both are in control of the corporation to which the assets are transferred, or (C) a recapitalization, or (D) a mere change in identity, form, or place of organization, however effected.

*Wright* case, *supra*, is not in point. He directs attention to the circumstances considered in the *Burdick* case, *supra*, which would, according to the Board, constitute a reorganization, and contends that this proceeding falls squarely within the circumstances there considered.

In determining this question we must first consider whether the transaction amounted to a reorganization as defined in section 112 (i). The first two situations covered in the statutory definition are inapplicable because only one corporation is involved, but either (C) or (D) thereof could apply, given the proper circumstances. Considering the facts before us, it is obvious that if there has been a reorganization of the company it must have occurred as a result of a recapitalization.

A recapitalization connotes a change or a readjustment in the capital structure, either by an increase or by a decrease of the outstanding capital stock and bonds. Cook on Corporations, 8th ed., vol. 5, p. 4103, sec. 883, defines a reorganization as " a business arrangement whereby the stock and bonds of the company are readjusted as to amount, income, or priority, or   *   *   *.   An agreement   *   *   *   to scale down the securities, is generally held not binding on any stockholder or bondholder who objects.   *   *   *   *This mode of reorganization is but a recapitalization.* It is a voluntary agreement of all stockholders and creditors to change and increase or decrease the capitalization or debts, or both." (Italics supplied.)

In this proceeding it is clear that there was a change in the capital structure of the company. Prior to August 1928 it had an authorized capital of 3,000 shares of common stock of no par value and 1,500 shares of preferred stock of $100 par value. After the consummation of the agreement, the capital structure consisted of 3,000 shares of class B, no par stock, 1,000 shares class A, no par stock, and a proposed plan for the issuance of $50,000 of six-year 6 percent debenture notes to be used to liquidate accounts of the company.

The fact that the plan agreed to by the stockholders and the company provided for trustees who were to act for certain purposes does not bring this proceeding within the doctrine of the *Wright* and the *Burdick* cases, *supra*. There was no surrender of stock for the purpose of bringing in a new management; the surrender was for the purpose of reorganizing and refinancing the company. If we consider only the first step in the plan agreed to, namely, the 75 percent reduction, the stockholders would be in exactly the same position as that obtaining in *Benjamin W. Fredericks*, *supra*, affirmed in *Kistler* v. *Burnet*, 58 Fed. (2d) 687, where the Board held that a 25 percent reduction in second preferred stock outstanding, to-

gether with a change in value of common stock from $100 par to no par, and the issuance of 200 shares of no par common for each share of outstanding common of $100 par value, constituted a recapitalization, with no gain or loss to the petitioner.

The question naturally arises, therefore, whether the purchase of additional stock by petitioner alters the situation and justifies the deduction of 75 percent of the original cost of his stock as a loss. The mere statement of the question indicates its weakness. Petitioner has simply invested an additional $7,500 in the company as a result of the refinancing necessary to continue operations. There has been a recapitalization of the company, and since the definition of a reorganization includes a recapitalization, petitioner is governed by the statutory provisions applicable to reorganizations.

The exchange of stock for stock within the meaning of section 112 (b) (3), *supra*, occurred when petitioner turned in his shares of preferred and common, receiving in exchange therefore the new class A and class B stock of the company. His proportionate interest in the company was unchanged at this point. Upon the investment of the additional $7,500 his proportionate interest changed in accordance with his increased investment. After the consummation of the plan petitioner had a capital investment of $37,500, represented by class A and class B stock then in his possession. Gain or loss from his investment will result upon the sale or other disposition thereof.

In a recent decision, *H. E. Muchnic, Administrator*, 29 B.T.A. 163, the respondent proposed to tax the petitioner upon a gain realized from a recapitalization. The Board refused to permit the taxing of the gain because the readjustment of existing interests through the issuance of preferred stock and the reduction of common stock resulted in a recapitalization, and under section 112 (b) (3) no gain or loss could be recognized. See also *Charles A. Gordon*, 1 B.T.A. 1223; *Fred D. Cock*, 2 B.T.A. 1044; *Tom S. Craven*, 6 B.T.A. 373.

The *City Builders Finance Co.*, *supra*, cited by petitioner, is clearly distinguishable on its facts from the instant proceeding.

*Decision will be entered for the respondent.*