**HELVERING, Com'r of Internal Revenue, v. J. L. BRANDEIS & SONS.**

**No. 9998.**

Circuit Court of Appeals, Eighth Circuit.

Feb. 5, 1935.

488

Lucius A. Buck, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and M. H. Eustace, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

F. H. Bryan, of Chicago, Ill. (G. A. Spencer, of Chicago, Ill., on the brief), for respondent.

Before STONE, GARDNER, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

The respondent is a corporation with principal offices in Omaha, Neb. Its president was George Brandeis, who owned one-fifth of its stock, and was the active worker and manager "upon whom fell the responsibility of the business." J. L. Ervine Brandeis, sometimes designated in the record as E. John Brandeis, was vice president of the company and owner of four-fifths of its stock. October 28, 1922, a resolution adopted by the board of directors provided that George Brandeis should receive a fixed salary of $60,000. for each of the years 1923 to 1927, inclusive, and that, at the end of the fiscal year ending January 31, 1927, he should receive an additional sum of $200,-000. Because of business and financial conditions this additional sum was not paid. The corporation, for the fiscal year ending January 31, 1928, entered upon its books a credit to George Brandeis of $80,000 as additional salary for the current fiscal year. Respondent kept its books and made its income tax returns on an accrual basis, and its accounting period was the fiscal year ending January 31 of each year.

June 18, 1928, the board of directors of the respondent corporation adopted a resolution with the consent of said George Brandeis, formally discharging and canceling the additional compensation of $200,000 authorized by the said resolution of October 28, 1922. In the same resolution of June 18, 1928, the payment to George Brandeis, during the fiscal year ending January 31, 1928, of an additional salary of $80,000 was expressly approved and ratified.

In its income tax return for the fiscal year ending January 31, 1928, respondent deducted $143,999.92 on account of salary paid to its president George Brandeis. The commissioner allowed $63,999.92, and disallowed the balance of $80,000 on the ground that the liability therefor did not arise during that taxable year. The deduction was allowed by the Board of Tax Appeals on review.

The question presented on this appeal is thus stated by counsel for petitioner herein: "Whether the Board of Tax Appeals erred in allowing a deduction of $80,000 in salary authorized by the Board of Directors of respondent approximately six months following the close of the fiscal year for which the deduction was claimed."

In addition to general assignments to the effect that the Board of Tax Appeals erred in holding that the commissioner was in error in disallowing the deduction of $80,-000 as salary for the fiscal year ending January 31, 1928, counsel for petitioner further specify that the Board should have held that the item of $80,000 represented an adjustment and reduction of the additional salary allowance for the five-year period from 1923 to 1927, inclusive, that it should therefore be prorated over such period, and that there should be deducted for the fiscal year in question no more than $16,000 in any event. There can be little dispute that the obligation of the corporation to George Brandeis was incurred and was discharged during the fiscal year. The amount was entered upon the books to his credit. The resolution of June 18, 1928, expressly approved and ratified the action of the managing officers in making "the payment to him of an additional salary of $80,000 during the fiscal year ending January 31, 1928." The Board of Tax Appeals held, and we think correctly, that this formal ratification by the board of directors related back to the time of the act which was ratified.

"Ratification by a corporation of an unauthorized act relates back to the time of the act, and is equivalent to original authority. The corporation and the other party to the transaction are in precisely the same position as if the act had been authorized at the time." Fletcher, Cyc. Corporation, vol. 4, p. 3425, citing Fleckner v. Bank of United States, 8 Wheat. 338, 5 L. Ed. 631.

The Board of Tax Appeals has applied the same principle under similar circumstances. Moore & Evans v. Commissioner, 24 B. T. A. 45. In Lucas, Commissioner, v. Ox Fibre Brush Co., 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733, a question presented was whether reasonable compensation, allowed by the board of directors of a corporation to its officers in addition to their salaries, is

deductible from the income of the taxable year in which it was allowed and paid, though made for services rendered in previous years. The Supreme Court held that such deduction was proper in the absence of a prior agreement or obligation to pay additional compensation. The Revenue Act of 1918, then in force, section 234 (a) (1), 40 Stat. 1077, as the subsequent Revenue Act of 1926, § 234 (a) (1), 26 USCA § 986 (a) (1), and Revenue Act 1928, § 23 (a), 26 USCA § 2023 (a), permitted deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered." It is conceded that the services of George Brandeis were actually rendered, and that the compensation awarded was reasonable.

In Lucas v. Ox Fibre Brush Co., supra, loc. cit. page 119 of 281 U. S., 50 S. Ct. 273, 274, the Supreme Court said: "The statute does not require that the services should be actually rendered during the taxable year, but that the payments therefor shall be proper expenses paid or incurred during the taxable year."

■ We think there is ample evidence to support the conclusion of the Board of Tax Appeals that this deduction was proper, this salary expense having been incurred and paid during the taxable year. As stated in the opinion of the Board of Tax Appeals, "it has not been shown that the $80,000 was authorized to be paid in lieu of the $200,000 previously agreed to be paid to George Brandeis."

The corporation found itself unable to pay the $200,000 authorized by the resolution of October 28, 1922. This was recognized by its president, and the obligation was discharged and canceled. It was, however, felt that George Brandeis, by the value of his services, had merited compensation in addition to his regular salary. This was duly entered during the current fiscal year, and that action was ratified. The Board of Tax Appeals, following Lucas v. Ox Fibre Brush Co., supra, found it unnecessary to decide whether the services for which this additional payment was made were entirely performed during that taxable year.

■ Counsel for the government, in their brief, call attention to the following language of the resolution of June 18, 1928, referring to the payment of the additional salary of $80,000: "the same having been contributed by E. John Brandeis to donated surplus, and paid out of that fund," and say: "Certainly it could not seriously be contended that amounts paid to George Brandeis by E. John Brandeis on account of additional compensation could be claimed as an expense paid by the corporation, respondent, herein."

Aside from the failure of the record to disclose facts sufficient to support this contention of petitioner, it is to be noted that the Commissioner in his notice of deficiency did not state this ground for disallowing the deduction claimed. He said: "Since the resolutions of the board of directors pertaining to the salary increase do not include the fiscal year ending January 31, 1928, no deduction can be taken in that year for accrued salaries deductible in preceding years and your contentions in respect thereto are denied." Nor did the Commissioner urge this new ground before the Board of Tax Appeals. This appears from the opinion of the Board: "It is stated in the brief filed on behalf of the respondent (petitioner herein) that the deduction of $80,000 for additional salary paid to George Brandeis in 1928 was disallowed by the respondent upon the ground that it represented an adjustment of the additional compensation agreed to be paid for the fiscal years 1923 to 1927 and should have been deducted in the preceding years. The respondent's position is not supported by the evidence of record."

This new ground, therefore, is not before this court on the Commissioner's petition to review the decision of the Board of Tax Appeals. Hartley v. Commissioner (C. C. A. 8) 72 F.(2d) 352; Tulsa Tribune Co. v. Commissioner (C. C. A. 10) 58 F.(2d) 937; Glassell v. Commissioner (C. C. A. 5) 42 F.(2d) 653.

The order of redetermination of the Board of Tax Appeals should be, and is, affirmed.