## TAYLOR v. MacLAUGHLIN.
### No. 18274.

District Court, E. D. Pennsylvania.
Oct. 16, 1939.

Humbert B. Powell, of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and J. Cullen Ganey, U. S. Atty., both of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit by a taxpayer to recover additional income taxes in the amount of $2,990.36 for the year 1928, paid under protest. The additional tax was assessed by reason of the disallowance of a loss claimed on transfer by the taxpayer of preferred stock of the Wagner-Taylor Company to the corporation.

The case was tried to the Court, jury trial having been waived. The evidence consists entirely of a stipulation of facts, the paragraphs of which are adopted as the Court's separate findings of fact. It is assumed that it is intended by the stipulation to admit the truth of the facts stated in Exhibits A, C, F, and G, except those stated in the portions of those exhibits placed in ink brackets by the parties. Otherwise there would be nothing for the Court to pass upon except the fact that certain letters were written, and judgment would have to go for the defendant because of the plaintiff's failure to sustain the burden of proof. The facts may be briefly summarized as follows:

Wagner-Taylor Company was a corporation in the insurance business from a date prior to 1922. It had four stockholders, the plaintiff, Bishop, Strobhar and Yerkes. In 1925 there were outstanding 250 shares of preferred stock, 130 held by the plaintiff and 50, 40, and 30 by the other three respectively. This stock represented loans which each of the stockholders had made to the company and which, in order to obtain a better financial statement, had been converted into preferred stock. The cost to the parties on this basis was $400 a share. The par value was $100. The common stock of the company consists of 500 shares held 260 by the plaintiff, and 80 by each of the other three.

In the year 1928, by corporate action, it was agreed "that one half of the outstanding preferred stock shall be retired

at par. This was actually done." As a result of this action, one half of the preferred stock was transferred to the corporation pro rata by its owners, and each stockholder received $100 per share in cash. It does not appear from the stipulation just what the paper transaction was—whether in the form of a sale to the corporation or a surrender of the stock and a cash distribution of $100 per share.

Whatever the form, however, the latter was what the transaction really amounted to. In so viewing it, there is no thought of disregarding the doctrine of corporate entity as distinct from the stockholders, but the substantial identity of their proportionate interest in the subject matter may be considered in determining the true nature of the transaction. In the present case one of the stockholders had transferred 10 shares of the preferred stock to one of the others, but the plaintiff from beginning to end owned the same proportionate interest in the preferred as he owned in the common and always held majority control of the corporation.

In Rock Petroleum Co. v. Commissioner of Int. Revenue, 29 B.T.A. 118, the transaction involved was in form a sale of preferred stock for $1 per share. The Board held that the transaction was, in effect, a surrender of the stock rather than a sale and, further, that the proportion in which the petitioner owned the preferred and common stock was not material.

Weiss v. Stearn, 265 U.S. 242, 44 S.Ct. 490, 492, 68 L.Ed. 1001, 33 A.L.R. 520, was a case in which what purported to be an exchange of stock in one corporation for another was held to be really a stock dividend and not taxable for gain. The Court fully reaffirmed the doctrine of separate entity, but said, "Something more [that is more than a mere change for purposes or reorganization in the technical ownership of an enterprise] is necessary —something which gives the stockholder a thing really different from what he theretofore had."

This case is generally similar in principle to many others in which a stockholder, either voluntarily or by assessment, pays additional cash into the corporation in proportion to his holdings. See Kistler v. Burnet, 61 App.D.C. 135, 58 F.2d 687; Park's Estate, 2 Cir., 58 F.2d 965; Helvering v. J. L. Brandeis & Sons, 8 Cir., 75 F.2d 487. Under this general principle, which involves the converse of Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570, the surrender to the corporation of preferred stock by a stockholder whose proportionate common stock holdings are equivalent to his preferred does not result in deductible loss. In Commissioner v. Hadley, 2 Cir., 75 F. 2d 485, 487, the Court states the basis of the principle, saying, "* * * the respondent has failed to prove that he did more than change the relative value of his preferred and common stock holdings. He did not, and of course could not, show [that] his proportionate interest in the corporation, nor that the value of that interest, was changed by the surrender." See also Hellman v. Helvering, 63 App.D.C. 18, 63 F.2d 763; Chas. M. Haft v. Commissioner, 20 B.T.A. 431; Edith Scoville v. Commissioner, 18 B.T.A. 261. In the latter case the Board said, "The remaining stock absorbed the value inherent in the surrendered certificates and there was no more loss than there is a gain in a stock dividend. Eisner v. Macomber, 252 U.S. 189 [40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570]."

Jones v. Helvering, 63 App.D.C. 204, 71 F.2d 214, 216, is worth noting in view of the plaintiff's contention that the transaction involved in this case was a sale rather than a surrender. That case was a sale of securities held as investments to a corporation controlled by the sellers. The Court said, "We fully agree with the Board that the taxpayers had the power to cause the corporation to take the bonds at such price as taxpayers might impose, and, if taxpayers had used this power to make the sale at a fictitious price and thereby create, or attempt to create, a fictitious loss for deduction purposes, we should have an altogether different case and one we should not hesitate to brand as fraudulent in fact, * * * ." The only thing that appears in the present case bearing on the value of the preferred stock at the time of the transfer by its owners to the controlled corporation is a statement by the taxpayer in Exhibit B to the effect that in the course of the "adjustment" Yerkes sold Bishop 10 shares of his preferred stock at the same price he had payed for it, or $400 a share. If this was the real value of the stock at the time it was sold to the corporation, and if the losses are claimed by the taxpayer on the basis of a sale rather than a surrender, then the remarks of the Court in Jones v. Helvering supra, might

come very near to being applicable. However, I do not look upon this transaction as fraudulent, nor do I look upon it as a sale at all, but, as has been said, a readjustment of the corporation's finances through the medium of the surrender of preferred stock.

Other decisions supporting the defendant's view of this case, cited by the defendant, are Brandeis v. Allen, D.C., 60 F.2d 1004; Wickwire v. United States, February 4, 1939, D.C., 27 F.Supp. 724; Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355; Vaudreuil Lumber Co. v. Commissioner, 8 B.T.A. 383; Union Trust Co. of N. J. v. Commissioner, 12 B.T.A. 688.

In addition to the facts contained in the stipulation, the following findings are made:

(1) The transaction in question was not a sale, except possibly in form, but was a surrender of preferred stock to the corporation in the course of a readjustment of the corporation's finances.

(2) After the surrender the plaintiff had the same proportionate interest in the asset value of the stock of the company as before.

(3) No deductible loss resulted to the plaintiff as a result of his transfer of the preferred stock to the corporation.

The plaintiff's requests for findings of fact are all affirmed, the fifteenth request with the qualification that the plaintiff held proportionate amounts of common and preferred stock—that is that he at all times owned the same proportionate share of preferred and common, which in both cases was more than one half.

The plaintiff's first and third requests for conclusions of law are denied. The second request is immaterial and is not answered. It may be pointed out, however, that it does not by any means follow that the plaintiff will be charged with a profit. Of course, he will if it can be shown on a subsequent sale that he realized more than the actual cost of the stock to him. Whether or not his contribution in the form of a loan, converted into preferred stock and subsequently surrendered, is to be considered as a part of the cost of his common stock is a question not now before the Court.

The general conclusion of law is that under all the evidence the plaintiff is not entitled to recover, and that the defendant is entitled to judgment against the plaintiff.

The defendant's motion for judgment is granted, and judgment may be entered in favor of the defendant.