## BURNS et al. v. COMMISSIONER OF INTERNAL REVENUE.

Circuit Court of Appeals, Fifth Circuit. March 18, 1929.

No. 5521.

William P. Jeffery and Joseph F. Murray, both of New York City, for petitioners.

Mabel Walker Willebrandt, Asst. Atty. Gen., Randolph C. Shaw and J. Louis Monarch, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Colden C. Miller, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. ▮ These are consolidated appeals from three separate orders of the Board of Tax Appeals redetermining deficiency in income taxes for the year of 1920 against the petitioners. The amounts differ, but the questions of law are the same. The Commissioner increased the item of compensation in the aggregate for the three petitioners in the amount of $58,-984.34, apportioning one-third to each petitioner. The petitioners contend that their compensation for the year of 1920 was reduced by that amount. The Commissioner's contention is that the item represents an amount paid by the petitioners to liquidate a difference in the amount of the par value of the capital stock of the Morana, Incorporated, a corporation of which they were officers and principal or sole stockholders, which they had received in consideration of the transfer by them to the corporation of a foreign contract, which had turned out to be worthless; and the actual value of that contract. The foreign contract was with the Morana Company of Switzerland. The par value of the capital stock, issued to petitioners on account of this foreign contract, was $162,900. In the year of 1919, there was charged off from surplus, on account of this contract, $60,915.66, leaving a balance of $58,984.34, and this balance was charged off on September 30, 1920. The three petitioners testified on the hearing before the Board that they had mutually agreed informally that their salaries for the year of 1920 should be reduced in the aggregate amount of $58,-984.34; that this occurred after the return of the petitioner Burns from Europe in the fall of the year and was because of the embarrassed finances of the company. No resolution of the directors or stockholders to that effect appears of record; nor were any had; and the books of account of the Morana, Incorporated, did not reflect any such reduction. The petitioners, however, testified that the bookkeeper had been instructed to

make them do so. The books showed a credit to an account entitled "Foreign Contracts" of $58,984.34, a charge of that identical amount against the petitioners, and a like credit to surplus. On January, 6, 1921, the annual meeting of the stockholders of the Morana, Inc., was held at which petitioners were present. The minutes of that meeting contained a resolution, which recited the charging off of the item of $58,984.34 by the Morana, Inc., by resolution of its board of directors on September 30, 1920; that the three petitioners on January 13, 1914, had received in exchange for their assignment of all interest in the foreign contract with the Morana Corporation of Switzerland, capital stock of the Morana, Inc., of the par value of $162,900; that the foreign contract was then of no value to the Morana, Inc., and would cause it a loss of $58,984.34, and directed that a journal entry be made reinstating the item of $58,984.34 as an asset of the corporation as of January 1, 1920, and charging that amount, one-third each to the petitioners on the books of the corporation, and directing the proper officers of the corporation to collect that amount from the petitioners as soon as possible. The minutes of that meeting make no reference to a reduction of salaries of petitioners for the year of 1920. They do show an increase in their salaries from $30,500 to $50,000 apiece for the year 1921. The minutes were approved by petitioners. In the income tax returns of the three petitioners appeared this explanatory note of the loss of $19,661.45, which was one-third of the item of $58,984.-34: "In the year of 1914, the taxpayer received capital stock of Company Morana for certain foreign contracts on the assertion that they had the value of the par of the stock issued. It has transpired that said contracts were not of that value, and the company made a claim for payment back of part of the purchasing price. This claim has been liquidated by the taxpayer being charged with the above sum of $19,661.45. The taxpayer faced the alternative of being charged in this manner or by having his salary charged or reduced to the same extent. It is a loss in either event."

Arrayed against the minutes and the entries in the books of account and the other documentary evidence is the oral evidence of the petitioners. The petitioners also assail the documentary evidence by testifying that the bookkeeper was directed to make appropriate entries to show salary reductions, and that the attorney for the corporation prepared the minute entry of the annual meeting incorrectly.

The Board of Tax Appeals found the fact to be that there were no salary reductions, as claimed by the petitioners, and that the petitioners merely recouped the corporation for the loss incurred by it due to the depreciation in the value of the foreign contract assigned by petitioners to it in payment of their capital stock.

We think the evidence amply supports this finding of the Board. The decisions of the Board of Tax Appeals upon the facts are not subject to review by Circuit Courts of Appeal when there is substantial evidence to sustain them. Avery v. Commissioner, 22 F.(2d) 6, 55 A. L. R. 1277 (Fifth Circuit).

The petitioners further contend that if the item of $58,984.34 does not represent salary deductions, it should be allowed petitioners as a deductible loss for the tax year of 1920. The Board of Tax Appeals held that this item represented a contribution by petitioners to the capital assets of the corporation. We think the fair inference from the evidence accords with this finding of the Board, and that the transaction evidenced the purpose of petitioners to relieve the embarrassed finances of the corporation by replacing the value of the asset (which on January 1, 1920, as shown by the books of the corporation, was $58,984.34, and which had been charged off on September 30, 1920, as worthless), because of a moral obligation on their part to the company by reason of their having received full par value in the capital stock of the company in that amount for the transfer to it of the worthless contract. The depreciation in the value of the foreign contract was a loss to the corporation; but only to the petitioners because of their ownership in the stock of the corporation. The replacement of this depreciation was a contribution by the petitioners to the capital of the corporation. It increased the surplus of the corporation by the amount contributed. The petitioners owned substantially all the capital stock of the corporation. The petitioner, Burns, testified that the three petitioners owned all the capital stock. The petitioners profited by the increase in the company's surplus by their contribution to it, proportionately to their stock holdings or altogether, as the case might be. The amount charged against them, and which was credited to the surplus of the company, was not, therefore, a loss, and certainly not a loss in the amount of their contribution or a substantial portion thereof. In no event was it a deductible loss for the tax year 1920, since the petitioners had not during that year established the fact or amount of the

loss by the sale of any part of their capital stock. Appeal of Lutz, 2 B. T. A. 484; Paxton v. Commissioner, 7 B. T. A. 92.

The petitioners also contend that the Board of Tax Appeals erred in charging them with income from salary and commissions in an amount in excess of the amount actually received by them during the tax year. Article 53 of Regulations 45 provides that "income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to the tax for the year during which it is so credited or set apart, although not actually reduced to possession," is taxable for the year during which it was so credited or set apart. The compensation of the petitioners was credited to them during the tax year 1920, without substantial limitation or restriction as to time, manner, or condition upon which payment was to be made, and might have been drawn out by them at any time during the year after it was so credited. The fact that it was not drawn out in part is of no importance in considering the incidence of the tax.

Being of the opinion that the Board of Tax Appeals correctly determined that the item of $58,984.34 did not represent reductions in the salaries or compensation of petitioners; that it did represent a contribution to the capital of the Morana, Incorporated, by the petitioners, and consequently not a deductible loss to them; and that it constituted a part of the amount of the compensation of petitioners, which was credited to and available for them during the tax year 1920, though not actually withdrawn by them; and that the item of $58,984.34 was taxable as compensation to the petitioners for the tax year 1920—the orders of the Board of Tax Appeals appealed from by the petitioners are affirmed.