FIRST NAT. BANK IN WICHITA et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 262.

Circuit Court of Appeals, Tenth Circuit.

Jan. 5, 1931.

A. M. Dean, of Arkansas City, Kan., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and A. H. Conner, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John McC. Hudson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before LEWIS and COTTERAL, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

The facts out of which this controversy arose are these: Petitioner on June 20, 1923, purchased 25 shares of the capital stock of the Security National Bank of Arkansas City, Kan., paying therefor the full par value of the shares, $2,500. On or about the 11th

day of September, 1923, petitioner received a notice from the board of directors of the bank that the Comptroller of the Currency had found the capital of the bank impaired to the extent of $40,956, and this amount should be made up by an assessment upon the shareholders of the bank, which assessment of 41 per cent. of the par value of the stock in the bank was made, and petitioner paid on his shares $1,025. This amount was ultimately lost to petitioner. In his income tax return for the year 1923 he deducted said amount from his total gross income for the year 1923. On June 30, 1925, the Commissioner of Internal Revenue notified petitioner this deduction would not be allowed. Against this decision petitioner protested. On the 12th day of August, 1925, the Commissioner, adhering to his former ruling, notified petitioner there was a deficiency in payment of his income tax for the year 1923 of $176.81, based on the deduction from his gross income of the assessment on his stock in the bank. An appeal was allowed from this order and taken to the Board of Tax Appeals. On a hearing that Board upheld the order of the Commissioner, and petitioner appeals to this court.

The sole question for decision is this. Is an assessment made on the shares of capital stock of a national bank to repair a loss on its capital such a loss as may be deducted from gross income by a taxpayer under paragraph 5, § 214(a), Revenue Act 1921 (42 Stat. 240), which reads, as follows:

"(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business. * * * No deduction shall be allowed under this paragraph for any loss claimed to have been sustained in any sale or other disposition of shares of stock or securities made after the passage of this Act where it appears that within thirty days before or after the date of such sale or other disposition the taxpayer has acquired (otherwise than by bequest or inheritance) substantially identical property, and the property so acquired is held by the taxpayer for any period after such sale or other disposition. If such acquisition is to the extent of part only of substantially identical property, then only a proportionate part of the loss shall be disallowed."

It is conceded the decision of no court controlling here may be found on the question presented. Counsel for respondent in their brief contend that assessments on shares in such a corporation as a national bank, made by the Comptroller of the Currency to repair capital loss of the bank, must be considered as money paid as a further investment in the capital of the bank and not as a loss deductible from income for purpose of taxation. Article 543 of the Regulations promulgated by the Treasury Department under the Revenue Act of 1921, reads:

"An assessment paid by a stockholder of a national bank on account of his statutory liability is ordinarily not deductible but, subject to the provisions of the statute, may in certain cases represent a loss."

Article 544 reads:

"Art. 544. *Contributions by Stockholders.*—Where a corporation requires additional funds for conducting its business and obtains such needed money through voluntary pro rata payments by its stockholders, the amounts so received being credited to its surplus account or to a special capital account, such amounts will not be considered income, although there is no increase in the outstanding shares of stock of the corporation. The payments in such circumstances are in the nature of voluntary assessments upon, and represent an additional price paid for, the shares of stock held by the individual stockholders, and will be treated as an addition to and as a part of the operating capital of the company. * * *"

The Bureau of Internal Revenue has consistently from the beginning held assessments of the nature involved herein when paid are not deductible losses, but are contributions to capital, and the Board of Tax Appeals has just as consistently adhered to this view of the law. See Appeal of Harry E. Lutz, 2 B. T. A. 484; John G. Paxton v. Commissioner, 7 B. T. A. 92; Burns v. Commissioner, 11 B. T. A. 524. In Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 117, 74 L. Ed. 457, Mr. Justice Butler, delivering the opinion for the court, said:

"It is the settled rule that the practical interpretation of an ambiguous or doubtful statute that has been acted upon by officials charged with its administration will not be disturbed except for weighty reasons. Logan v. Davis, 233 U. S. 613, 627, 34 S. Ct. 685, 58 L. Ed. 1121; Maryland Casualty Co. v. United States, 251 U. S. 342, 349, 40 S. Ct. 155, 64 L. Ed. 297."

As we see no reason for departing from this rule of the Department in this case, the decision of the Board of Tax Appeals is accordingly affirmed. It is so ordered.