## COMMISSIONER OF INTERNAL REVENUE v. WRIGHT.

### No. 4436.

Circuit Court of Appeals, Seventh Circuit.
March 13, 1931.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Morton K. Rothchild, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and De Witt M. Evans, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

O. G. Maxwell, of Danville, Ill., for respondent.

Before ALSCHULER and SPARKS, Circuit Judges, and BALTZELL, District Judge.

ALSCHULER, Circuit Judge.

Petitioner seeks review of a decision of the Board of Tax Appeals allowing the taxpayer a deduction from his federal income tax for the year 1922, which deduction petitioner had disallowed.

The facts found by the Board are, briefly, that in 1902 the taxpayer purchased 250 shares of corporate stock at par of $100, which on March 1, 1913, had a value of par; that the corporation encountered financial difficulties, and in 1922 the bankers who had been carrying it, and to whom it was largely indebted, refused longer to carry it and threatened bankruptcy proceedings unless each stockholder surrendered to the bankers 51 per cent. of his stock for the purpose of transferring it absolutely to a new manager of the corporation as compensation for his services in further conducting its business; that in the same year the taxpayer accordingly surrendered to the bank, and permanently parted with, the demanded part of his stock; that the corporate business was carried on until in 1924, at which time the corporation was wound up, paying its stockholders nothing. There was no evidence or finding as to the value of the stock at the time of its surrender.

Petitioner insists the loss occasioned by the surrender was not deductible from income for 1922; that the surrender represents additional cost to the stockholders of their remaining stock, the same as would payment of cash to the corporation by the stockholders, or their surrender to the corporation of part of their stock holdings; and that until all the taxpayer's stock was disposed of by the winding up of the corporation or otherwise, the loss could not be determined or deducted.

But this is not a case where, upon surrender of the stock, the stockholders retained the same proportionate interest in the corporation as they had held before, in which event loss to the stockholders would not accrue. The stock here in question was not surrendered to the corporation. It passed to another, who thenceforth owned 51 per cent. of the stock, leaving the original taxpayer with but 49 per cent.

In petitioner's brief it is stated: "If the taxpayer could have proved that the stock was worthless in 1922 when he surrendered it, he would have been entitled to the deduction in 1922." This is a correct statement, and would apply pro tanto to the extent of the value of the surrendered stock if it then had value. If the taxpayer, instead of surrendering the stock, had then sold it at, say, 20, he would have been entitled to loss deduction of the difference between 20 and its March 1, 1913, value. Act of Nov. 23, 1921, 42 Stat. 227, 229, § 202(a) and (b). While by the transaction of surrender the taxpayer did not realize a specific price for the stock, he did realize a presently contemplated advantage to the corporation—and indirectly to himself—consisting of the managerial service of the manager for whom the stock was surrendered and the averting of threatened bankruptcy of the corporation, as well as the further support of the bankers.

It would do violence to the common sense and judgment of all the participants in that transaction to assume that they then considered the stock worthless. If the 51 per cent. was then worthless, so also was the 49 per cent. The latter was not deducted until two years afterwards, when the corporation became bankrupt.

We believe that for the purposes of taxation the fair value of the stock at the time of surrender may properly be regarded as the price realized for it by the taxpayer in the form of contemplated advantage. In this view the difference between the value of the stock at the time of surrender, and its March 1, 1913, value, would represent the deductible loss which the taxpayer might take for 1922 on account of this transaction.

There was no evidence offered of its value at the time of surrender, and we deem it only fair that further opportunity be accorded the taxpayer for the presentation of such evidence. Accordingly, the cause is remanded to the Board of Tax Appeals, with direction to give opportunity for presenting evidence of the value of the stock at time of surrender, and, upon consideration of such evidence, to

allow to the taxpayer such deduction, if any, as under the above-stated views the Board shall deem him to be entitled.