## COMMISSIONER OF INTERNAL REVENUE v. HADLEY.

### No. 161.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Carlton Fox, Sp. Assts. to Atty. Gen., for petitioner.

Arthur W. Rinke, of New York City, for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The respondent, in April, 1920, owned all of the stock of Storm King Coal Company. He then bought the assets of that corporation at auction for $135,000. He organized a new corporation at once which was given the name of Storm King Coal Mining Company and transferred to it all of the property he had purchased at auction in exchange for all of its capital stock, 100 shares of $100 per share par value, and its bonds to the face value of $125,000. He sold these securities in December, 1922, to the Raymond Hadley Corporation, and received its preferred stock having a value of $135,000 at par. To induce the Raymond Hadley Corporation to make the purchase, he guaranteed it against any loss it might sustain both from operating the Storm King Coal Mining Company and from its investment in the securities.

In January, 1923, the Raymond Hadley Corporation was reorganized under the name of Raymond Hadley Company, Inc., and the respondent's guaranty was extended to the new corporation.

The respondent owned the majority of the stock in both the old and new Raymond Hadley corporations. There was only one other stockholder, Sloane, who was not satisfied at first with the Storm King Coal Mining Company investment, and, to induce him to join in the guaranty, the respondent transferred to him 200 shares of the preferred stock of Raymond Hadley Company, Inc. Thereafter the respondent and Sloane became joint guarantors in the proportion of 82½ per cent. for the respondent and 17½ per cent. for Sloane.

The mining company was operated at a loss until in 1926 most of its assets were sold to the Ryley Coal Company for preferred stock of the latter having a par value of $80,000. The Raymond Hadley Company, Inc., had this stock to the par value of $66,000 issued directly to the respondent and the remainder to Sloane. The mining company was dissolved during 1926, and before the end of that year the respondent and Sloane made their guaranty good and provided for an operating deficit by surrendering to Raymond Hadley Company, Inc., its preferred stock of the face value of $254,500. Each surrendered stock in the proportion he was bound by the guaranty. Only $155,731 was required, however, for the mining company losses. The remainder went to make up the deficit of the corporation.

Just before the respondent sold the mining company securities to the Raymond Hadley Corporation in 1922, he held 3,300 shares of the preferred stock of the latter out of a total of 4,000 shares then outstanding. He received 1,350 additional shares of such stock which the corporation issued to make the purchase and about the same time received 2,375 out of 3,000 more of such shares which the corporation issued as a stock dividend. When the corporation was reorganized, the respondent became the owner of the same number of preferred shares of the new corporation, 7,025, and of 82½ per cent. of its common stock, 4,950 shares. His holdings in the preferred stock varied from the time his guaranty was extended to the new corporation up to the time he made his part of the guaranty good. At that time he owned 95.62 per cent. of the preferred stock. His percentage of common stock remained the same throughout the entire period. The record does not show when or how he acquired the particular shares he surrendered to the corporation in satisfaction of his obligation under his guaranty or what they cost him.

The respondent deducted in his return of income for 1926 what he claimed as a loss sustained when he satisfied his guaranty as above set forth. The deduction was $62,478.07, and was computed at 82½ per cent. of the loss suffered by Raymond Hadley Company, Inc., after making a proper adjustment on account of the preferred stock of the Ryley Company. The Commissioner disallowed the loss, but the Board of Tax Appeals found the cost of the shares surrendered to be their par value reduced proportionately by the shares he received as a stock dividend, and allowed the deduction as for a loss to the amount of the difference between such cost of the shares surrendered and the par value of the Ryley stock received by the respondent.

When the respondent in 1926 discharged his obligation upon the guaranty by surrendering preferred stock of Raymond Hadley Company, Inc., to that corporation, he not only freed himself of a liability which he incurred at the time he sold his mining company securities, but increased the liquidation value of his common stock. The net assets

of the corporation remained the same. There is no proof that those net assets would not have been sufficient to pay a liquidating dividend upon the common stock at least to an amount equal to the par value of the preferred stock surrendered to discharge the guaranty. Indeed, it is only fair to infer that since the preferred stock has been treated by all concerned to be worth its par value, the net assets of the corporation at least equaled the par value of the preferred stock outstanding. It follows that, because the surrender by the two stockholders reduced by $254,500 the amount both available and before required to liquidate the preferred stock, the released amount of the assets would go to the common stockholders. By relinquishing his right to receive 82½ per cent. of it as a preferred stockholder, the respondent simply increased by the same amount his right as a common stockholder to share in the assets. Confining the transaction to the portion of the par value of the preferred stock surrendered under the guaranty, since that is the loss claimed, it appears that the respondent surrendered 82½ per cent. of $155,731 as a preferred stockholder and became entitled to receive 82½ per cent. of $155,731 as a common stockholder.

The situation is somewhat analogous to that where a stockholder contributes something to his corporation which not only has a value to him unrelated to the corporation but becomes an asset of the corporation when transferred to it. He then increases his capital investment, and the determination of gain or loss is held in abeyance until final disposition of some or all of his stock. In re Park's Estate (C. C. A.) 58 F. (2d) 965; First National Bank of Wichita v. Commissioner (C. C. A.) 46 F.(2d) 283; Burns v. Commissioner (C. C. A.) 31 F.(2d) 399. Yet it differs because the respondent has failed to prove that he did more than change the relative value of his preferred and common stock holdings. He did not, and of course could not, show his proportionate interest in the corporation, nor that the value of that interest, was changed by the surrender. Consequently he has not proved that he sustained a loss at that time. Kistler v. Burnet, 61 App. D. C. 135, 58 F. (2d) 687; Hellman v. Helvering, 63 App. D. C. 18, 68 F.(2d) 763. Compare, Commissioner v. Wright (C. C. A.) 47 F.(2d) 871.

Reversed, and the deficiency as determined by the petitioner reinstated.