COMMISSIONER OF INTERNAL
REVENUE, Petitioner,

v.

ESTATE of Fred T. MURPHY, Deceased, Detroit Trust Company and Edward S. Reid, Jr., Executors, and Mary E. Murphy, surviving wife, Respondents.

COMMISSIONER OF INTERNAL
REVENUE, Petitioner,

v.

Mary E. MURPHY, Respondent.

COMMISSIONER OF INTERNAL
REVENUE, Petitioner,

v.

Frederick M. ALGER, Jr., and Suzette Dewey Alger, his wife,
Respondents.

COMMISSIONER OF INTERNAL
REVENUE, Petitioner,

v.

Frances Alger BOYER, Respondent.

COMMISSIONER OF INTERNAL
REVENUE, Petitioner,

v.

Frederick M. ALGER, Jr., Respondent.

COMMISSIONER OF INTERNAL
REVENUE, Petitioner,

v.

Harold R. BOYER and Frances Alger Boyer, his wife, Respondents.

Nos. 12463–12468.

United States Court of Appeals
Sixth Circuit.

Feb. 2, 1956.

Joseph F. Goetten, Washington, D. C., H. Brian Holland, Ellis N. Slack, Robert N. Anderson, Washington, D. C., on the brief, for petitioner.

Berrien C. Eaton, Jr., Detroit, Mich., Edward S. Reid, Jr., Miller, Canfield, Paddock & Stone, Detroit, Mich., on the brief, for respondents.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

The Commissioner urges that the Tax Court in deciding that his determinations of deficiencies were incorrect, improperly computed the basis for determining gain or loss on the Detroit Bankers stock received by certain residuary legatees of Frederick M. Alger, Sr., deceased. Under Section 113(a) (5) of the Internal Revenue Code of 1939, the Commissioner points out, the basis (Unadjusted) of property transmitted at death is the fair market value of such property at the time of acquisition, that is, at the date of decedent's death, Treasury Regulations 111, Section 29.113(a) (5)–1. This value in the instant case was zero. The Tax Court held that the basis was cost and that the assessments should be treated as additional cost of the stock. The Commissioner asserts that this conclusion is erroneous, upon the ground that the basis is not affected by events, such as the payment of assessments by the estate, occurring between the time of decedent's death and the receipt of property by the legatees.

This argument overlooks the fact that the statute and regulations specifically authorize adjustment to basis due to events occurring after death. Sub-section (b) of Section 113 of the 1939 Code is entitled "Adjusted Basis" and reads as follows:

"The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

"(1) General rule. Proper adjustment * * * shall in all cases be made—

"(A) For expenditures, receipts, losses, or other items * * *."

■ The sweeping phrase "whenever acquired" broadens the adjustment provisions, so far as the time element is concerned, to include property transmitted at death. Moreover, the payment of the assessments constituted "expenditures." In addition U. S. Treasury Regulation 111, Section 29.113(a) (5)–1(e) recognizes that adjustment to basis may be made for events occurring after death for, referring to Subsection (b) of Section 113, it authorizes the executor to make and maintain records showing in detail all items for which adjustment to basis is required by that section.

The Commissioner also contends that the Tax Court erred in holding that the payment of the assessments by the fiduciary makes the transaction an investment in Detroit Bankers stock within the meaning of Section 29.113(a) (5)–1(d) of Treasury Regulations 111. The assessments, however, created new property rights not existing at the death of the testator, namely, rights to the refund distributions evidenced by the receipts surrendered by the legatees. The payment which created these rights was, within the ordinary meaning of the word, an investment. 48 C.J.S., Investment, pp. 760–762.

■ If the legatees had directly owned First National stock the payment of the assessments would have been an addi-

tional cost of the stock. Tuttle v. United States, 101 F.Supp. 532, 122 Ct.Cl. 1; First National Bank in Wichita v. Commissioner of Internal Revenue, 10 Cir., 46 F.2d 283. In the Wichita case the sole question was whether an assessment made on the shares of capital stock of a national bank to repair a loss on its capital might be deducted from gross income by a taxpayer. The question was decided in the negative. The Tax Court rightly accepted as settled law the doctrine that an assessment placed by law on the owners of bank stock must be treated as additional cost of the stock to the stockholder. To hold, as the Commissioner urges, that, because the payment was made by the executors with funds which equitably belonged to the legatees, the legatees should be taxed, is to disregard the fact that under this record the legatees are rightly treated as proportional owners of the assets in the estate and as though they themselves had paid the assessments. The liquidating distributions were received by the legatees in lieu of cash originally contained in the estate.

■ In view of the ownership of the entire stock of First National by Detroit Bankers, under which ownership the legatees, owners of Detroit Bankers, were liable for assessments on First National stock, Barbour v. Thomas, supra, the Tax Court rightly held that the assessments paid were to be regarded as additional cost to the legatees for their stock in Detroit Bankers.

■ Finally, the Tax Court found as a fact that no tax benefit was derived from deductions taken in returns for 1933 as losses sustained in that year on Detroit Bankers stock. It considered that, because of this, while the subsequent distributions were in the nature of capital recoveries, the deductions claimed and earlier allowed did not effect an offset of taxable income. We are in accord with this conclusion. The actualities of the case are that this estate suffered a tremendous financial loss. The cost basis of all the shares was over $400,000, the total assessment was over $150,000, the total distribution was some $133,000. There remained a very substantial portion of the legatees' cost basis which had effected no offset in taxable income. Since there was no income tax benefit the Tax Court properly made an adjustment to basis and its decision upon this feature of the case was correct.

■ A further question raised by the Commissioner is whether the distributions to Mary Murphy, legatee of Irene S. Moffat, constituted capital gain or ordinary income. The Tax Court held that the receipt of these shares by Mary Murphy as legatee from Irene S. Moffat constituted capital gain. While the Tax Court found that no sale or exchange of a capital asset had been made, Section 117, Internal Revenue Code, it concluded that the transaction came within the purview of Section 115(c), Internal Revenue Code, which provides that amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock. The Commissioner contends that the amounts received were not in liquidation of a corporation.

"The incidence of taxation depends upon the substance of a transaction. * * * To permit the true nature of a transaction to be disguised by mere formalisms, which exist solely to alter tax liabilities, would seriously impair the effective administration of the tax policies of Congress." Commissioner of Internal Revenue v. Court Holding Co., 324 U.S. 331, 334, 65 S.Ct. 707, 708, 89 L.Ed. 981.

Applying this doctrine to these transactions we conclude that the Tax Court was clearly correct in deciding that the distributions were in liquidation of Detroit Bankers. The First Liquidating Corporation was founded for the express purpose of liquidating the assets of First National, whose entire stock was owned by Detroit Bankers. The distributions received were made from the proceeds of the liquidation. Detroit Bankers was dissolved in 1933. The Tax Court rightly regarded the distributions as received in the liquidation of Detroit Bankers and

thus as received in payment in exchange for stock within the meaning of Section 115(c).

The decision of the Tax Court is affirmed.